## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MIKE C. MATSON,

                    Plaintiff,

          v.                          CASE NO.  11-3192-SAC

STATE OF KANSAS,
et al.,

                    Defendants.

### MEMORANDUM AND ORDER

          This civil action was filed pro se pursuant to 42 U.S.C. §
1983 by an inmate of the Norton Correctional Facility, Norton,
Kansas (NCF).   The original complaint was screened, several
deficiencies were found including improper joinder of several
claims and parties, and plaintiff was give time to satisfy the
filing fee and to submit an Amended Complaint that cured the
deficiencies.   The matter is now before the court upon plaintiff's
First Amended Complaint (Doc. 6).   The Amended Complaint completely
supercedes the original complaint, and the original complaint will
no longer be considered.

### FILING FEE

          The filing fee has been paid in full.   Plaintiff informed
the court on November 10, 2011, that he no longer desired to
proceed without prepayment of fees.   He has never submitted the
certified statement of his inmate account that is required by

federal law to support a motion to proceed without fees. For these reasons, plaintiff's motion for leave to proceed without prepayment of fees (Doc. 2) is denied as moot.

## SCREENING

Because Mr. Matson is a prisoner suing a state official, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune to such relief. 28 U.S.C. § 1915A(a) and (b).

## DEFENDANTS NOT NAMED IN THE AMENDED COMPLAINT ARE DISMISSED

In his Amended Complaint, Mr. Matson names as the only defendant Joel Hrabe, Deputy Warden, NCF. It follows that this action is dismissed and all relief is denied, without prejudice, as against all other defendants named in the original complaint.

## CLAIMS AND ALLEGATIONS

As the factual background for his Amended Complaint, plaintiff alleges as follows.[1] On July 13, 2011, Mr. Matson filed

---

[1] Plaintiff intersperses his allegations of facts with conclusory statements. For example, he states that defendant's conduct was to block his court access, defendant had ordered the plaintiff to be harassed and intimidated for his complaint against him, but for plaintiff's filing the complaints against Harbe, the "first of several cell searches and property audits would not have occurred," and "this event was done" to "chill the plaintiff" from his complaints and litigation. As plaintiff was informed in the court's prior screening order (Doc. 4):

a grievance and a property claim against defendant Hrabe, in which he claimed that Hrabe had refused to return plaintiff's envelope and stamp.   He sought "disciplinary action" against Hrabe for "unprofessional conduct."   The stamp and envelope had been included with a letter and Accounting Withdraw Request (AWR) intended to pay the filing and service fees in a civil lawsuit against the Kansas Department of Corrections and prison facilities that plaintiff had pending in state court.   Plaintiff the moved the state court to proceed without payment, explained Hrabe's conduct, and was granted leave.  As a result, the filing of his state lawsuit was delayed by 21 days.

Hrabe at first "tried to deny" possession of this property, but others remembered that Hrabe had directed that the property be sent to him instead of being properly returned to plaintiff.   On August 22, 2011, plaintiff received his property from defendant. He was asked but declined to dismiss his grievance and property claim.   On August 26, plaintiff was asked to waive the time limit on processing of his grievance at the "facility Warden level," but refused.

On September 1, 2011, plaintiff's cell was searched and a

---

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).  The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555.   The court accepts all well-pleaded allegations in the complaint as true.  <u>Anderson v. Blake</u>, 469 F.3d 910, 913 (10th Cir. 2006).

property audit was conducted by "Cellhouse OIC Olsen and Corbin."
CSI Olsen stated that these acts were taken on Deputy Warden
Hrabe's orders.  On September 2, 2011, plaintiff filed a grievance
against defendant Hrabe claiming "intimidation, harassment,
retaliation, and reprisal.  On September 11 and 28, 2011, "random
room searches were conducted as established by NCF Post Orders."

On September 14, 2011, plaintiff filed a property claim
against defendant Hrabe, which he alleges was "mandated" by state
statute, "for unlawfully . . . keeping his property from him to
block his access to the court by keeping him from being able to pay
his filing and service fees."  Later, on September 14, 2011, Unit
Team Hackbarth and COI Edwards entered plaintiff's cell, conducted
a property audit, and went through plaintiff's property.  Hackbarth
stated that "when he took the property claim to Deputy Warden
Hrabe, Hrabe instructed him to go through (plaintiff's) property."

On the morning of September 15, 2011, plaintiff filed
another grievance on defendant Hrabe for abusing his authority,
harassing and intimidating plaintiff, and retaliating against him
for filing the property claim.  That evening, plaintiff was "placed
on an Administrative Move list to be made 'Permanent Party C3
housing'" on orders of defendant Hrabe.  Plaintiff was at all times
mentioned an "incentive Level 3 inmate," with above-model conduct
for 19 years who had been disciplinary-free for several years.  He
was in housing reserved for Level 3 inmates as a privilege and
incentive for good behavior.  The housing that Hrabe ordered him
moved to was "a restrictive disciplinary and intake unit, where

Level 1 inmates who have been in disciplinary actions or who are new intake inmates waiting on housing in general population are housed." The cells in this unit "do not meet American Correctional Associations Standards" for two-men housing. The "multi-occupancy mental health restrictions place on the plaintiff are not being followed" in violation of these standards.

Plaintiff claims that defendant Hrabe's acts on September 1, 14, and 15, 2011, were retaliatory and would not have occurred but for the "grievances and claims" he filed against the defendant, and that his filing of the grievances and claims were constitutionally protected activity. He further claims that defendant's acts were done as punishment for and to chill his constitutionally-protected activities of exhausting administrative remedies and accessing the court. He further claims that defendant's acts "did not advance any legitimate correctional goals."

As Count I in his Amended Complaint, Mr. Matson asserts that defendant Hrabe retaliated against him for exercising his right under the First and Fourteenth Amendments "to redress his grievance." As facts in support, he mainly incorporates the allegations in his background statement, which include his allegations regarding his filing of a property claim; Hrabe's conduct on September 14, 2011, involving Hackbarth and Edwards in a cell search and property audit; and his housing transfer. He repeats that on September 1, 2011, Hrabe e-mailed OIC Olsen and ordered him to conduct a cell search and property audit of

plaintiff because of plaintiff's filing of a grievance and property claim against Hrabe.

As Count II, plaintiff asserts that defendant Hrabe demonstrated gross negligence, reckless disregard, and complete indifference to the plaintiff's rights. Again, he incorporates his entire background statement. He adds that on the three dates in September, Hrabe ordered his subordinates to conduct cell searches and property audits on Matson and ordered an administrative move to intimidate and harass plaintiff contrary to the laws of Kansas and KDOC regulations. He also adds that Hrabe "intimidated a victim and witness" in violation of K.S.A. 21-3832 and "sought reprisals" in violation of K.A.R. 44-15-104. He asserts that the court has pendent jurisdiction over his state law claims.

Plaintiff's Counts III and IV are repeats of Count I and no different facts are alleged in support since plaintiff incorporates his background statement into each count. Thus, the court finds that the complaint essentially alleges two counts based upon the background facts.

Plaintiff alleges that he sues defendant Hrabe in both his individual and official capacities. He seeks a declaration that the acts violated his constitutional rights and the laws of the State of Kansas as well as an award of compensatory and punitive damages. He also seeks an order enjoining defendant from "any further acts of retaliation" including a transfer out of state, cell search for harassment purposes, false disciplinary reports and interference with his legal and official mail.

**ALL CLAIMS NOT RAISED IN THE AMENDED COMPLAINT ARE DISMISSED**

Since plaintiff's Amended Complaint supercedes his original complaint, all claims raised in the original complaint that are not raised in the Amended Complaint are dismissed, without prejudice. If plaintiff wishes to pursue any of the dismissed claims, he may do so by submitting one or more separate civil rights complaints for filing as new actions.  He should not write a case number on any new complaint, as that will be provided by the clerk.  Mr. Matson is reminded that he must file any § 1983 complaint upon court-approved forms, and that he may obtain those forms upon written request to the clerk of the court.  He is also reminded that any new action must comply with the Federal Rules on joinder, and that he will be required to satisfy the filing fee for each new action filed.

**INJUNCTIVE RELIEF IS DENIED AND OFFICIAL CAPACITY CLAIM IS DISMISSED**

Plaintiff's claims for money damages against defendant in his official capacity must be dismissed.  A damages claim against a Kansas Department of Corrections employee in his official capacity is in essence a claim against the State of Kansas, and as such is barred by the State's Eleventh Amendment immunity.

The court denies plaintiff's request for an order enjoining future acts of retaliation including a transfer, cell search for harassment purposes, false disciplinary reports, and interference

with his legal and official mail.  Plaintiff has not alleged facts

showing that any of these actions are likely to occur absent such

relief.


**MARTINEZ ORDER REQUIRED**

Plaintiff alleges that he has exhausted his administrative

remedies.

The Tenth Circuit Court of Appeals stated in Gee v.

Pacheco, 627 F.3d 1178, 1189 (10th Cir 2010):

> It is well-settled that "[p]rison officials may
> not retaliate against or harass an inmate because
> of the inmate's exercise of his right of access to
> the courts."  Smith, 899 F.2d at 947. . . . [T]he
> allegations . . . identify constitutionally
> protected activity in which Mr. Gee engaged
> (filing specific grievances against Defendants and
> filing a particular habeas petition with the
> court); (2) describe a responsive action that
> would "chill a person of ordinary firmness from
> continuing to engage in that activity" (transfer
> to an out-of-state supermax prison); and (3)
> recite facts indicating that the action "was
> substantially motivated as a response to [his]
> exercise of constitutionally protected conduct"
> (that Defendants were aware of his protected
> activity, that his protected activity complained
> of Defendants' actions, and that the transfer was
> in close temporal proximity to the protected
> activity).  Shero v. City of Grove, 510 F.3d 1196,
> 1203 (10th Cir. 2007)(listing elements of a First
> Amendment retaliation claim); see Fogle v.
> Pierson, 435 F.3d 1252, 1263-64 (10th
> Cir.2006)(concluding that it was inappropriate to
> dismiss claim of retaliatory transfer); Frazier v.
> Dubois, 922 F.2d 560, 561-62 (10th
> Cir.1990)("[W]hile a prisoner enjoys no
> constitutional right to remain in a particular
> institution and generally is not entitled to due
> process protections prior to such a transfer,
> prison officials do not have the discretion to
> punish an inmate for exercising his first
> amendment rights by transferring him to a

different institution." (internal quotation marks
omitted)).

Id.; see also Miskovsky v. Jones, 437 Fed.Appx. 707, 713 (10th cir.
2011)(unpublished case cited for persuasive reasoning only).  The
court finds that proper processing of plaintiff's claims cannot be
achieved without additional information from appropriate officials
of the Norton Correctional Facililty.  See Martinez v. Aaron, 570
F.2d 317, 319-20 (10th Cir. 1978)(approving order requiring prison
officials to investigate facts surrounding inmate's civil rights
suit in order to construct an administrative record from which
court may decide jurisdictional issues and make determination of
frivolity under § 1915); see also Hall v. Bellmon, 935 F.2d 1106
(10th Cir. 1991).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's
Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2),
his request in his Amended Complaint for injunctive relief against
future retaliatory acts, and his request for damages against
defendant in his official capacity are denied.

**IT IS FURTHER ORDERED** that this action is dismissed and all
relief is denied, without prejudice, as against all defendants with
the exception of defendant Joel Hrabe.

**IT IS FURTHER ORDERED** that all claims, with the exception
of the claims in Counts I and II of plaintiff's Amended Complaint
(Doc. 6), are dismissed from this action, without prejudice.

**IT IS FURTHER ORDERED:**

(1) The clerk of the court shall prepare waiver of service

forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served upon defendant by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of Norton Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having

knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this Order shall be transmitted to plaintiff, to defendant, to the Secretary of Corrections, and to the Attorney General of the State of Kansas.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

11