# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIKE C. MATSON, | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | )   Case No. 11-3192-JAR |
| JOEL HRABE, | ) |
| | ) |
|        Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner proceeding *pro se*, brings this action against Joel Hrabe, Warden of the Norton Correctional Facility ("NCF") in Norton, Kansas. He brings claims under 42 U.S.C. § 1983, alleging he was denied access to the courts, and he was subjected to cell searches and a prison transfer in retaliation for filing a prison grievance. Plaintiff also alleges state law claims under pendent jurisdiction. On March 29, 2012, Judge Crow dismissed the official capacity claim Plaintiff had alleged against the Department of Corrections, and denied Plaintiff's request for injunctive relief. Judge Crow ordered NCF to prepare a *Martinez* Report and ordered that discovery by Plaintiff shall not begin until "plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f)."[1]

The Department of Corrections filed the *Martinez* Report on September 7, 2012 and on September 20, 2012, Defendant filed a Motion to Dismiss or, in the Alternative, for Summary

---

[1] Doc. 7 at 11.

Judgment.[2]  Before he received Defendant's motion, but after he received the *Martinez* Report, Plaintiff sent discovery requests to Defendant: requests for production of documents, for admissions, and for interrogatories.  He also filed a Declaration for Entry of Default (Doc. 26).  Plaintiff has conceded in subsequent filings that entry of default is not appropriate since Defendant filed its motion to dismiss before expiration of the Answer deadline—the parties agree that Plaintiff did not receive the motion until October 9, 2012, after he had already requested an entry of default.[3]  Therefore, the Court finds that entry of default is not appropriate under Rule 55(a) because the record clearly shows that Defendant did not fail to plead or otherwise defend.

On October 12, 2012, Plaintiff filed a Motion for Continuance under Fed. R. Civ. P. 6(b) and 56(f)(2) (Doc. 27).  In this motion, Plaintiff states that he did not receive Defendant's dispositive motion until October 9, and that discovery is necessary for him to properly respond to that motion.  Since Judge Crow's Order prohibited him from conducting discovery until after the *Martinez* Report was filed, Plaintiff contends that the summary judgment motion should be stayed so that he can conduct discovery.  In response, Defendant filed a Motion to Stay of Discovery (Doc. 31), arguing that the Court should stay any further discovery under Rule 26(d), and because his dispositive motion raises the issue of qualified immunity, which should be decided before he is required to respond to discovery requests.  Plaintiff has responded and opposes the request for a discovery stay.

The Court first considers Plaintiff's motion, which seeks a "continuance" under Rules

---

[2]Doc. 21.

[3]*See* Fed. R. Civ. P. 12(a)(4).

6(b) and 56. Under Rule 56(d),[4] if the nonmovant shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court.[5] The nonmovant must satisfy several requirements to obtain relief under Rule 56(d). By affidavit, he must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts.[6] "A party may not invoke Rule 56[d] by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion."[7]

Plaintiff submitted a declaration with his motion, stating that he is unable to present facts and proof essential to oppose the motion for summary judgment until discovery is complete. But Plaintiff's declaration does not provide any explanation as to why such facts are unavailable, or what facts he believes he will obtain through further discovery. He states that he intends to file an affidavit, but this does not require him to obtain discovery requests—he has filed an affidavit in opposition. Plaintiff does not meet the requirements to obtain relief under Rule 56(d). Moreover, the dispositive motion here is a motion to dismiss, or in the alternative, a motion for

---

[4]Plaintiff brought his motion under Fed. R. Civ. P. 56(f). Effective December 1, 2010, Rule 56 was amended and the relevant provision is now Rule 56(d).

[5]*Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553-54 (10th Cir. 1993).

[6]*Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[7]*Garcia v. United States Air Force*, 533 F.3d 1171, 1179 (10th Cir. 2008) (quotation omitted).

summary judgment. To the extent the Court decides the motion as a motion to dismiss, it would be based on the allegations in the Amended Complaint only, and not on evidence outside the pleadings.[8] And Plaintiff may utilize the evidence marshaled by the *Martinez* report in opposition to Defendant's motion. Accordingly, the Court denies Plaintiff's motion under Rule 56(d) to stay briefing on Defendant's dispositive motion in order to allow Plaintiff time to complete discovery. However, because service of Defendant's motion on Plaintiff was delayed, the Court finds that an extension of time for him to respond is warranted. While the Court notes that Plaintiff has already responded to Defendant's motion to dismiss or for summary judgment, to the extent he requires additional time to submit his own affidavit or to supplement his response, the Court allows him an additional period of time to do so.

Having determined that a deferral of the motion to dismiss or for summary judgment is not appropriate under Rule 56(d), the Court turns to Defendant's motion to stay discovery. First, Defendant argues that a stay is warranted under Fed. R. Civ. P. 26(d), which generally provides that a party may not seek discovery until the parties have conferred under Rule 26(f), "except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." This proceeding is exempted from initial disclosure under Rule 26(a)(1)(B)(iv), and by Judge Crow's March 29, 2012 Order, so the rule set forth in subsection (d) does not apply here.

Defendant also seeks a stay because it has raised the defense of qualified immunity in its dispositive motion. On both of Plaintiff's federal claims, Defendant urges dismissal on the basis that Plaintiff cannot establish a constitutional violation.

---

[8] Fed. R. Civ. P. 12(d).

> Because qualified immunity is an immunity from suit rather than a mere defense to liability it is effectively lost if a case is erroneously permitted to go to trial. Indeed, we have made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials will be resolved prior to discovery. Accordingly, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.[9]

Deciding the purely legal question of whether Plaintiff can establish a constitutional violation allows "courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits."[10]

While the Court is cognizant that limited discovery may sometimes be necessary on the issue of qualified immunity at the summary judgment stage, it must be tailored to allow the Court to determine any factual issue that is presented by the motion.[11] The Court has reviewed Defendant's motion and determines that the questions presented therein do not require further discovery. A *Martinez* Report has been prepared by NCF, which includes discovery such as Defendant's affidavit and the IMPP at issue in this case. Defendant's motion argues that Plaintiff did not suffer an injury sufficient to establish his § 1983 claims because he was not prejudiced by any delay in sending his legal mail, and that he was not injured by his transfer from NCF to Ellsworth Correctional Facility. Plaintiff is equipped to oppose these arguments with the evidence included in the *Martinez* Report and his own affidavit. Accordingly, the Court

---

[9]*Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009) (quotations and citations omitted).

[10]*Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 238–39 (2009).

[11]*See Weise v. Casper*, 507 F.3d 1260, 1265 (10th Cir. 2007).

grants Defendant's motion to stay discovery until the Court has decided the motion to dismiss or for summary judgment.

**IT IS SO ORDERED BY THE COURT** that Plaintiff's Motion for Extension of Time (Doc. 27) is **granted in part and denied in part**.  Plaintiff may supplement his response to the motion to dismiss or for summary judgment by November 26, 2012.  The motion is otherwise denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Discovery (Doc. 31) is **granted**.  Discovery is stayed until the Court rules on Defendant's motion to dismiss or for summary judgment.  If the Court denies Defendant's motion, the stay will be lifted and this case will be set for a scheduling conference.

Dated: October 31, 2012

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE