IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
MIKE C. MATSON,                    )
                                   )
              Plaintiff,           )
                                   )
     v.                            )    Case No. 11-3192-RDR
                                   )
JOEL HRABE,                        )
                                   )
              Defendant.           )
```

### MEMORANDUM AND ORDER

Plaintiff is an inmate in the State of Kansas correctional system. This is an action under 42 U.S.C. § 1983 alleging that defendant, a deputy warden at the Norton Correctional Facility ("NCF"), violated plaintiff's constitutional rights by impeding plaintiff's access to the courts and by retaliating against plaintiff for exercising his constitutional rights. This case is before the court upon defendant's motion to dismiss or for summary judgment. Plaintiff's motion for entry of default, plaintiff's motion to strike, and plaintiff's motion to find defendant in contempt are also pending before the court. Defendant's motion to dismiss or for summary judgment is the main item for discussion in this order. Before the court rules upon that motion, however, the court shall address the other pending matters.

I. <u>Plaintiff's declaration for entry of default (Doc No. 26) shall be denied</u>.

On October 11, 2012, plaintiff filed a declaration for entry of default pursuant to FED.R.CIV.P. 55(a) on the grounds that, contrary to court order (Doc. No. 7 at p. 10), defendant failed to answer or otherwise defend this matter twenty days after filing a Martinez report. Defendant filed the Martinez report on September 7, 2012. Within the 20-day period to file an answer, defendant filed the motion to dismiss now before the court. A motion to dismiss serves to delay the time for filing an answer under FED.R.CIV.P. 12(a)(4)(A). See Marquez v. Cable One, Inc., 463 F.3d 1118, 1120 (10th Cir. 2006). Therefore, the court does not believe that an entry of default should be made against defendant.

II. Plaintiff's motion to strike defendant's affidavit (Doc. No. 35) shall be denied.

Plaintiff has filed motion to strike defendant's affidavit upon the grounds that it is not truthful. Plaintiff does not specifically allege that the affidavit contains "redundant, immaterial, impertinent or scandalous matter" which is the target for a motion to strike under FED.R.CIV.P. 12(f). Instead, plaintiff appears to ask the court to determine the factual accuracy of defendant's affidavit. This is not the role of a Rule 12(f) motion. See Nwakpuda v. Falley's Inc., 14 F.Supp.2d 1213, 1216 (D.Kan. 1998). Plaintiff does not cite

other authority for striking the affidavit. Accordingly, the motion shall be denied.

III. <u>Plaintiff's motion for contempt (Doc. No. 44) shall be denied</u>.

Plaintiff asks the court to require the Kansas Department of Corrections and officials responsible for operating NCF to appear before the court and be sanctioned for contempt for producing an incomplete and inaccurate <u>Martinez</u> report. Specifically, plaintiff contends that the report did not have "all rules, regulation[s], complaints, witness affidavit[s] of persons who had knowledge of the incidents, official statements, [and] psychiatric examinations, which would support the claims of the plaintiff, and aid the court, but rather purposely omitted these from the report . . . contrary to the court's order and directives." Doc. No. 44 at pp. 2-3. Plaintiff alleges that he has suffered damages in the amount of $20.00 because of the alleged misconduct. He further requests that the court fine the alleged contemnors until they comply with the court's order for a <u>Martinez</u> report.

The court has reviewed the order which directed completion of a <u>Martinez</u> report. The court is also cognizant of defendant's citation to <u>Nickelberry v. Pharaoh</u>, 2000 WL 985665 (10th Cir. 7/18/2000) where the Tenth Circuit characterized the provisions of an order for a Martinez report as "a permissive

grant of authority – not a mandatory requirement" and as making "suggestions" – not setting forth obligations, because there is no required procedure for Martinez reports. Contrary to plaintiff's allegation, the court's order for a Martinez report did not direct the compilation of a report containing "all" relevant rules, regulations, witness statements, etc., or that all witnesses with knowledge of the facts be interviewed. Instead, the report authorized (but did not mandate) interviews with all such witnesses; directed that copies of pertinent rules, regulations and official documents be included in the report, but did not expressly direct that "all" such materials be included; and ordered that statements of witnesses which are included in the report be in affidavit form, but did not require that affidavits be obtained from "all" witnesses. Doc. No. 7 at pp. 10-11.

When plaintiff's motion for contempt is compared with the real requirements of the court's order for a Martinez report, it becomes clear that the motion must be denied.

IV. Motion to dismiss or for summary judgment – Doc. No. 21

A. Standards for a motion to dismiss and for summary judgment

FED.R.CIV.P. 12(b)(6) provides for dismissal of actions for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint

4

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). The court must not "weigh potential evidence that the parties might present at trial, but . . . assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Cohon v. New Mexico Dept. of Health, 646 F.3d 717, 724 (10th Cir. 2011) (interior quotations omitted).

The Supreme Court has stated that plausibility requires that the allegations of a complaint should "raise a reasonable expectation that discovery will reveal evidence" supporting the elements of the claims, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), and "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations and citations omitted).

The Tenth Circuit has elaborated upon the plausibility standard as follows:

> we have concluded the Twombly/Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that

5

are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)(interior quotations and citation omitted).

Summary judgment is warranted if the materials on record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.CIV.P. 56(a). The court views "all of the facts in the light most favorable to the non-movant and reasonable inferences from the record must be drawn in favor of the non-moving party." Piercy v. Maketa, 480 F.3d 1192, 1197 (10th Cir. 2007). From this viewpoint, the court attempts to determine whether a reasonable jury could return a verdict in favor of the non-moving party. Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 875 (10th Cir. 2004).

B. Allegations in the amended complaint

Plaintiff alleges in his amended complaint that defendant took possession of an Accounting Withdrawal Request ("AWR") which was being returned to plaintiff for signature and, consequently, that plaintiff was delayed by 21 days in proceeding with a lawsuit plaintiff wished to prosecute in state court. Plaintiff filed a grievance against defendant on July 13, 2011 and, in late August 2011, refused to dismiss the

grievance or waive the time to process the grievance upon request.

Plaintiff alleges that on September 1, 2011, plaintiff's room was searched and a property audit was conducted upon defendant's orders. The next day, plaintiff filed a grievance alleging intimidation, harassment, retaliation and reprisal against constitutionally protected activity. According to the amended complaint, on September 11 and 28, 2011 random monthly room searches were conducted.

On September 14, 2011, plaintiff filed a property claim against the defendant relating to the AWR "for the sole purpose of properly exhausting administrative remedies on the specific issue of [o]bstructing and interfering with access to the Court." At 4:00 p.m. the same day, plaintiff was told by Officer Edwards that defendant ordered a property audit and a cell search. At 5:00 p.m., Unit Team Hackbarth stated that when he took the property claim to defendant, defendant instructed him to go through [plaintiff's] property.

Plaintiff filed another grievance on September 15, 2011 in the morning. This grievance alleged that defendant was harassing, intimidating and retaliating against plaintiff. That evening, defendant placed plaintiff on an administrative move list to be made "Permanent Party C3 Housing." The amended complaint alleges that C3 Cellhouse is NCF's investigation,

7

disciplinary, restriction and intake housing unit. Plaintiff alleges that he was an Incentive Level 3 inmate with no disciplinary record and that he was moved to a unit with Incentive Level 1 inmates who have had disciplinary actions or who are new intake inmates waiting on housing in general population. The amended complaint further alleges that the cells do not meet American Correctional Association Standards and that mental health restrictions which have been placed on plaintiff were violated by his move to C3 Cellhouse.

C. <u>Plaintiff's complaint does not state a claim for impeding access to the court</u>.

Plaintiff contends that defendant intentionally took actions relating to the processing or holding of his AWRs which caused a delay in plaintiff's filing of a state court action in Butler County, Kansas. Defendant contends that plaintiff cannot establish that he suffered an actual injury as required to bring a § 1983 claim because the only alleged impact from defendant's actions was a 21-day delay in bringing the state court action. Plaintiff does not assert that the 21-day delay itself caused plaintiff prejudice in bringing the case. He argues, instead, that the delay alone is sufficient to meet the standard of impeding or hindering plaintiff's access to the courts.

The court finds that a 21-day delay without other evidence of a disadvantageous impact does not satisfy the requirement of

8

an actual injury. See Burnett v. Jones, 437 Fed.Appx. 736, 744 (10th Cir. 2011)(delay of two-and-a-half days in incoming legal mail, without more, does not state a claim of actual injury); DeLeon v. Doe, 361 F.3d 93, 94 (2nd Cir. 2004)(delay in mailing plaintiff's submissions is not actionable even if it caused plaintiff to miss a deadline when case was dismissed on its merits); Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998)(plaintiff must allege and prove prejudice from denial of access to courts); McCoy v. Goord, 255 F.Supp.2d 233, 260-61 (S.D.N.Y. 2003)(failure to allege that delayed mailing actually interfered with pursuit of appeal requires dismissal of access to court claim); Sheppard v. Lee, 2011 WL 5314450 *4 (S.D.N.Y. 11/7/2011)(delay which caused a missed deadline did not constitute an actual injury because the missed deadline did not lead to dismissal of a claim); Henry v. Annetts, 2010 WL 3220332 *2-3 (S.D.N.Y. 7/22/2010)(actions causing mere delay do not rise to level of a constitutional violation); Jones-Bey v. Michigan Dept. of Corrections, 2006 WL 2850588 (E.D.Mich. 7/21/2006)(delay in filing response to summary judgment motion itself does not establish actual injury); Campbell v. Trevino, 2006 WL 1521747 *2 (5/31/2006)(delay which led to missing a deadline did not cause actual injury when action was still deemed timely by the court); Muhammad v. Morton, 2006 WL 687161 *8 (E.D.Okla. 1/10/2006)(instances in which plaintiff filed

9

motions requesting extensions of time to file pleadings do not without more demonstrate an actual injury that hindered his efforts to pursue a legal claim).

D. Summary judgment shall be granted in part and denied in part as to plaintiff's retaliation claim.

It is well-settled that a government official may not retaliate against an inmate because of the inmate's exercise of his First Amendment rights. See Gee v. Pacheco, 627 F.3d 1178, 1189 (10th Cir. 2010). Illegal retaliation may be shown by proving the following elements: 1) that the plaintiff was engaged in constitutionally protected activity; 2) that the defendant's actions would cause the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and 3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of his constitutional rights. Id. The first element is not at issue for purposes of the motion to dismiss or for summary judgment. As for the second element, the Sixth Circuit has stated that "prisoners are expected to endure more than the average citizen." Siggers-El v. Barlow, 412 F.3d 693, 701 (6th Cir. 2005). So, not every objectionable act directed at a prisoner constitutes an adverse action sufficient to deter a person of ordinary firmness from engaging in protected activities.

10

1. <u>Summary judgment shall be granted against plaintiff's claim that defendant illegally retaliated against him by ordering searches and property audits.</u>

Plaintiff alleges no facts in the amended complaint or in his affidavit in response to defendant's statement of facts which would plausibly state a claim or support a reasonable finding that the searches and property audits conducted in September 2011 would chill a person of ordinary firmness from engaging in constitutionally protected activity. See <u>Tate v. Campbell</u>, 85 Fed.Appx. 413, 417 (6th Cir. 2003)(two-hour single search of a prison cubicle insufficiently adverse); <u>Brooks v. Yates</u>, 2012 WL 2115301 *13-14 (S.D.Ohio 3/30/2012)(cell search would not deter person of ordinary firmness from filing grievances); <u>Grohs v. Hayman</u>, 2010 WL 2346617 *8 (D.N.J. 6/8/2010)(search and accompanying destruction of papers would not deter ordinary prisoner from filing grievances); <u>Pasley v. Oliver</u>, 2009 WL 3055203 *3 (W.D.Mich. 9/18/2009)(routine cell search would not deter); <u>Keesh v. Goord</u>, 2007 WL 2903682 *8 (W.D.N.Y. 10/1/2007)(search of inmate's cell does not give rise to retaliation claim); <u>Bumpus v. Canfield</u>, 495 F.Supp.2d 316, 327 (W.D.N.Y. 2007)(same); but see <u>O'Bryant v. Finch</u>, 2008 WL 4372867 *9 (N.D.Fla. 9/24/2008).  Therefore, the court shall grant summary judgment against this claim.

2. <u>Summary judgment shall be denied as to plaintiff's retaliatory unit transfer claim.</u>

Defendant contends that plaintiff's claim of "retaliation by placement" must be dismissed because plaintiff did not suffer a substantial injury and because there is no causal connection between plaintiff's placement in a different cell and any constitutionally protected activity. Plaintiff has filed an affidavit which states in part that when plaintiff was moved to C Cellhouse at NCF there was bright light all night, plaintiff was locked in his cell more hours a day, he was forced to be housed around more violent and hostile inmates, and that his cell did not meet American Correctional Association guidelines. Plaintiff's affidavit is supported to some degree by an affidavit from another inmate. Based upon these affidavits, the court believes at this time that there is a material issue of fact as to whether plaintiff's cell change would cause of person of "ordinary firmness" to cease engaging in constitutionally protected activity. This is a fact-sensitive issue (<u>Allah v. Seiverling</u>, 229 F.3d 220, 225 (3rd Cir. 2000)) and the factual record at this time is not compatible with summary judgment. Therefore, the court will not dismiss or grant summary judgment against this claim on the basis of defendant's argument that plaintiff did not suffer a substantial injury. Nor does the court believe this is a question upon which qualified immunity may be granted, in part because of the issues of fact which

12

remain regarding the alleged changes in the conditions of confinement.

The court further rejects defendant's claim that summary judgment is appropriate because plaintiff was transferred for legitimate case management reasons. The court acknowledges defendant's affidavit in support of this claim and defendant's argument that plaintiff's response to the claim is based largely upon hearsay. The court denies summary judgment upon this issue because there has been a stay placed upon discovery and plaintiff has stated in an affidavit that he is unable to present facts and proof essential to oppose summary judgment until after the discovery process is complete. Under FED.R.CIV.P. 56(d), if a nonmovant shows by affidavit that he cannot present facts essential to justify his opposition to summary judgment, then the court may deny or defer taking action upon the motion or issue any other appropriate order.

Unlike the other issues raised in the summary judgment motion, the issue of retaliatory motivation is a question for which discovery may be essential to substantiate plaintiff's opposition. Plaintiff should have been able to describe from personal knowledge and without discovery why his access to the courts was substantially impeded or why the searches of his cell would chill a person of ordinary firmness from engaging in constitutionally protected activity. On the other hand, it

13

appears to the court that discovery may be essential for plaintiff to substantiate his claim that the cell searches were motivated to retaliate against plaintiff.

Therefore, the court shall deny summary judgment as to the cell placement aspect of plaintiff's retaliation claim without prejudice to a later motion from defendant.

V. Conclusion

Defendant's motion to dismiss or for summary judgment (Doc. No. 21) shall be granted in part and denied in part. Plaintiff's claim that defendant illegally retaliated against plaintiff by transferring him to a different cell shall not be dismissed as of this time. Defendant is not foreclosed from filing a later motion for similar relief. Plaintiff's other claims regarding cell searches and his access to the courts shall be dismissed. Plaintiff's request for entry of default (Doc. No. 26), plaintiff's motion to strike (Doc. No. 35), and plaintiff's motion for contempt (Doc. No. 44) shall be denied. The court further finds, for purposes of clearing the docket of outstanding motions, that plaintiff's "motion" in opposition to defendant's motion to dismiss (Doc. No. 28) should not be considered as a motion, but as a response to a motion; and that plaintiff's motion for extension of time to file a supplemental response (Doc. No. 40) be considered moot because the

supplemental response was filed and has been considered by the court.

**IT IS SO ORDERED.**

Dated this 9th day of January, 2013 at Topeka, Kansas.

                                \_\_\_ s/Richard D. Rogers
                                     United States District Judge