IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MIKE C. MATSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 11-3192-RDR** |
| ) | |
| **JOEL HRABE, DEPUTY WARDEN, NCF**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se, has brought an action under 42 U.S.C. § 1983 alleging that defendant, a deputy warden at the Norton Correctional Facility ("NCF"), violated plaintiff's constitutional rights by impeding plaintiff's access to the courts and by retaliating against plaintiff for exercising his constitutional rights. The court issued an order on January 9, 2013 upon defendant's motion to dismiss which dismissed plaintiff's access to the courts claim in its entirety and which dismissed plaintiff's retaliation claims in part. As to plaintiff's retaliation claims, the court held that plaintiff could proceed with a claim that he was given a different cell assignment in retaliation for protected activity, but that plaintiff had not alleged facts which plausibly supported a claim that searches and property audits conducted in September 2011 constituted actionable retaliation. This case is now

before the court upon plaintiff's motion to alter or amend the court's January 9, 2013 order. Doc. No. 57. As explained below, the court shall deny plaintiff's motion to alter or amend, but permit plaintiff to argue that defendant engaged in a "campaign" of harassment or retaliation. At the conclusion of this order, the court shall refer this case to Magistrate Judge Sebelius and address other pending motions.

The parties agree that the court may grant a motion to alter or amend judgment when there has been an intervening change in controlling law, when there is new evidence which was not previously available, and when there is a need to correct clear error or prevent manifest injustice. <u>Butler v. Boeing Co.</u>, 175 F.Supp.2d 1307, 1308 (D.Kan. 2001).

Plaintiff's first argument in support of his motion to alter or amend is that the court misconstrued the facts relating to plaintiff's access to the courts claim "in finding that the defendant took possession of [an Accounting Withdrawal Request] which was being returned to plaintiff for signature." Doc. No. 57, p. 2 of memorandum. Plaintiff asserts that this is incorrect and that, instead, defendant took possession of an envelope and a stamp which belonged to plaintiff. The court's statement of facts seems consistent with the statement of facts and responses thereto made by the parties in connection with the motion to dismiss. But, the court shall accept the correction

2

set forth in plaintiff's motion to alter or amend. This, however, does not revive plaintiff's access to the courts claim. Plaintiff's access to the courts claim was dismissed on the grounds that plaintiff did not allege facts showing any prejudice to plaintiff's filing a court action. The factual correction urged by plaintiff does not relate to the issue of whether plaintiff suffered an actual injury which hindered his right to pursue a legal claim. Therefore, while the court accepts plaintiff's version of the facts, the court shall not alter or amend the decision to dismiss plaintiff's access to the courts claim.

    Defendant's second argument in support of the motion to alter or amend relates to plaintiff's retaliation claim. Plaintiff asserts that defendant engaged in or ordered cell searches and property audits to retaliate against plaintiff's exercise of his constitutional rights. Plaintiff alleges that in 2011 his cell was searched on September 1, September 11 and September 28 and that property audits were conducted on September 1 and twice on September 14. Plaintiff does not appear to claim that the cell searches on September 11 and September 28 were retaliatory. The court held that plaintiff did not allege facts which, accepted as true, would establish that the cell searches and property audits would chill a person of ordinary firmness from engaging in constitutionally protected

3

activity. The court cited six cases in support of this ruling and one case which was contradictory authority.

Plaintiff's motion to alter or amend and the reply brief to defendant's response make additional arguments relating to the factual and legal components of the court's ruling. As a factual matter, plaintiff has filed an affidavit stating that cell searches and property audits have a chilling effect because inmates fear that the searches or audits will lead to disciplinary action or that property will be removed and either damaged, lost, or never returned. Plaintiff does not allege that this happened in his case, only that he feared it would happen. To establish a claim of retaliation, plaintiff must prove, among other things, that defendant's actions would cause him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity – in this case, filing grievances. Gee v. Pacheco, 627 F.3d 1178, 1189 (10th Cir. 2010). The court does not believe that the fear of receiving a disciplinary report or the fear of losing property as a result of a cell search or property audit is an "injury" sufficient to chill a person of ordinary firmness from continuing to file grievances. In support of this conclusion, the court would again refer to the cases the court cited in our original order. Doc. No. 53, p. 10. Plaintiff's

effort to distinguish or otherwise argue against those cases is not persuasive to the court.

The court would also make reference to two Tenth Circuit cases. In Crosby v. Heil, 2012 WL 4820745 (10th Cir. 10/11/2012), the Tenth Circuit held that an inmate-plaintiff could not demonstrate that a low score on a sex offender treatment program evaluation would deter a person of ordinary firmness from filing administrative complaints because he identified no negative consequences flowing from the evaluation. One might expect that a failed performance in a sex offender treatment program could potentially lead to negative consequences. But, the Tenth Circuit held that "[e]ven if the evaluation was negative and was entirely motivated by retaliation, it would not deter someone of ordinary firmness from filing administrative complaints because [plaintiff] identifies no negative consequences from this evaluation." Id. at *2. In other words, the mental anguish or worry caused by the potential for negative effects was not sufficient to support a retaliation claim.

Also, in Rocha v. Zavaras, 443 Fed.Appx. 316 (10th Cir. 9/26/2011), the inmate-plaintiff alleged that for retaliatory reasons he was given a low work evaluation and placed on restricted privilege status which reduced his recreation opportunities, placed him in segregated housing, made him wait

5

until last to eat, restricted him from making some purchases from the canteen, prohibited him from communicating with other inmates, and required him to wear distinct identifying clothing. The plaintiff also asserted that the prohibition from communicating with other inmates led to a work injury. The Tenth Circuit held that these alleged facts failed "to support the element that any defendant's actions 'would chill a person of ordinary firmness from continuing to' file grievances or exercise a constitutional right." Id. at 319 (quoting Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000). The impact of the alleged retaliation in Rocha exceeds that alleged by plaintiff in this case from the cell searches and property audits. Therefore, the court shall not alter our holding that the searches and property audits by themselves are insufficient to state a claim of retaliation.

Plaintiff further contends, however, that the court should permit evidence of cell searches and property audits to be considered as part of an alleged "campaign" of harassment or retaliation, together with an alleged retaliatory cell reassignment. The court did not rule in our prior order that the cell searches and property audits could not be considered together with other actions to determine whether the alleged retaliation was sufficient to chill a person of ordinary firmness. At this stage, the court shall not preclude plaintiff

from making such a claim.  The court shall simply hold that the cell searches and property audits alone are an insufficient basis for a claim of retaliation.

In conclusion, consistent with the above discussion, plaintiff's motion to alter or amend (Doc. No. 57) shall be denied.  The court shall also deny defendant's motion to stay (Doc. No. 63) as moot.  Defendant has filed a motion for extension of time (Doc. No. 54) to respond to plaintiff's discovery requests until a scheduling order is completed and deadlines for discovery are determined in this case.  This motion shall be granted and the court shall refer this case to U.S. Magistrate Judge Sebelius for supervision of the discovery and pretrial process.  The court also shall refer plaintiff's motion for appointment of counsel (Doc. No. 62) to Magistrate Judge Sebelius for decision.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge