# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MIKE C. MATSON, )
)
    Plaintiff, )
)
v. ) Case No. 11-3192-RDR
)
JOEL HRABE, )
)
    Defendant. )

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiff Mike C. Matson's Motion to Find Defendant's Dilatory Admissions Admitted (ECF No. 87) and Motion for Sanctions (ECF No. 88). For the following reasons, the court hereby denies Mr. Matson's Motions.

**I.    Relevant Background**

Mr. Matson, proceeding *pro se*, is currently an inmate at the Ellsworth Correctional Facility. On November 10, 2011, Mr. Matson brought a civil action pursuant to 42 U.S.C. § 1983, alleging that Defendant Joel Hrabe, a deputy warden at the Norton Correctional Facility ("NCF"), violated his constitutional rights by impeding upon his access to the courts and by retaliating against him for exercising his constitutional rights while in custody at NCF. On January 9, 2013, the court dismissed Mr. Matson's access-to-the-courts claim in its entirety and dismissed, in part, his retaliation claim. Mr. Matson's claim pertaining to Mr. Hrabe's alleged illegal retaliation for transferring him to a different cell was permitted to go forward.

On June 21, 2013, the court granted Mr. Hrabe's Motion for Extension of Time (ECF No. 72) and ordered him to respond to Mr. Matson's First Request for Admissions on or before July 15, 2013.[1] On July 15, 2013, Mr. Hrabe's counsel filed with the court a Certificate of Service of

---

[1] *See* Order, ECF No. 73.

Defendant's Response to Plaintiff's First Request for Admissions (ECF No. 84).[2] The Certificate of Service states:

> Counsel for Defendant certifies that she placed a true and accurate copy of Defendant's Response to Plaintiff's First Request for Admissions to Defendants and Defendant's Response to Plaintiff's First Set of Interrogatories Proposed to Defendants in the United States Mail, postage prepaid, on this 15th day of July, 2013, addressed to:
> Mike C. Matson, No. 59259
> Ellsworth Correctional Facility
> PO Box 107
> Ellsworth, KS 67439
> *Pro se Inmate*

However, the envelope enclosing Mr. Hrabe's response contained a "Hasler" postmark dated July 16, 2013.

Mr. Matson contends that the envelope was actually put into the mail after the July 15, 2013 deadline and, therefore, his response is untimely. As a result, Mr. Matson argues that Plaintiff's First Request for Admissions should be deemed admitted pursuant to Fed. R. Civ. P. 36(a)(6). Additionally, Mr. Matson argues that Mr. Hrabe violated Fed. R. Civ. P. 11(b) for fraudulent representations made in the Certificate of Service and requests sanction be imposed pursuant to Fed. R. Civ. P. 11(c). Mr. Matson also requests to open discovery for the limited purpose of proving the Hasler postage stamp was placed on the envelope by Mr. Hrabe or his counsel. Mr. Hrabe argues that his response was placed in the mail on the date specified in the Certificate of Service and had no control over the date it was postmarked. In addition, Mr. Hrabe argues that sanctions are inappropriate because Mr. Matson failed to serve his Rule 11 motion on Mr. Hrabe's counsel in violation of the 21-days safe harbor provision in Fed. R. Civ. P. 11(c)(2).

---

[2] *See* Certificate of Service, ECF No. 84.

## II.    Discussion

As a preliminary matter, Mr. Matson filed supplemental documents (ECF No. 133, 134) to the both Motions (ECF No. 87, 88) on October 8, 2013. The Local Rules for the District of Kansas do not authorize post-reply submissions.[3] As thoroughly explained by United States Magistrate Judge Gerald Rushfelt,

> A party desiring to file . . . [a post-reply submission] must obtain leave of the court. Leave is reserved for rare circumstances, such as when new arguments are raised in the reply. The general rule against surreplies and other post-reply briefing fairly and reasonably assists the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word."[4]

In this case, Mr. Matson has not requested leave from the court to consider his supplemental material. Even though Mr. Matson proceeds *pro se*, he still must follow the same rules of procedure that govern other litigants.[5] Therefore, the court will not consider Mr. Matson's supplemental material for these Motions. With that issue aside, the court turns to Mr. Hrabe's arguments.

Pursuant to Fed. R. Civ. P. 5(b)(2), a paper is served by, amongst other methods, mailing it to the person's last known address—in which event service is complete upon mailing. According to the Local Rules, a party responding to a discovery request must "at the time of service, file with the clerk a certificate of service stating the type of disclosure or discovery or response served, the date and type of service, and the party served."[6] When determining the date

---

[3] *See generally* D. Kan. Rule 7.1.

[4] *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan. 1998) (internal citations omitted).

[5] *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[6] D. Kan. Rule 26.3(c).

a response was served by mail, courts may rely on the date stated within the certificate of service even though the postmark indicates a later date.[7]

Here, the Certificate of Service states that Mr. Hrabe's counsel placed a true and accurate copy of Mr. Hrabe's response to Mr. Matson's First Request for Admissions and First Set of Interrogatories in the United States Mail on this 15th day of July, 2013. Because the date within the Certificate of Service indicates that Mr. Hrabe's response was placed in the mail by the response deadline, Mr. Hrabe's response appears timely. In addition, the court recognizes that the postmark bears the word "Hasler," which indicates it came from a Hasler postage machine. While the court is aware that these postage machines are commonly used by businesses and governmental entities, the court is without information of who actually postmarked the envelope—whether it was Mr. Hrabe, the Kansas Attorney General's Office, the United States Postal Service, or some other person or entity. Based upon the foregoing analysis, the court finds Mr. Hrabe's response to be timely served as described in Mr. Hrabe's Certificate of Service. As such, Mr. Matson's Motion to Find Defendant's Dilatory Admissions Admitted (ECF No. 87) is denied.

Mr. Matson's request to take discovery on identifying the person who postmarked the envelop will only prolong this case and distract the parties from resolving the merits of this lawsuit. "Rule 26(b), although broad has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[8] Moreover, in the spirit of Fed. R. Civ. P. 1, which directs the "just, speedy, and inexpensive determination of every action and proceeding,"

---

[7] *Mounger v. Goodyear Tire & Rubber Co.*, No. 99-2230-JWL, 2000 WL 1466198, at *1 (D. Kan. Sept. 22, 2000) (holding that the timely-served expert disclosures were mailed on the date stated in the certificate of service even though the envelope containing the disclosures was postmarked for the following day, which was one day after the disclosure deadline).

[8] *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010).

4

the court denies Mr. Matson's request for discovery to identify the entity or person who postmarked the envelope. The court also finds that Rule 11 sanctions are not warranted in case because no fraudulent misrepresentations are found in the Certificate of Service. Moreover, Rule 11 sanctions do not apply to discovery responses or discovery motions.[9] Thus, Mr. Matson's Motion for Sanctions (ECF No. 88) is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Mike C. Matson's Motion to Find Defendant's Dilatory Admissions Admitted (ECF No. 87) and Mr. Matson's Motion for Sanctions (ECF No. 88) are hereby denied.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[9] *See* Fed. R. Civ. P. 11(d).